UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| Jessica Cooper,<br><br>individually and on behalf of all others similarly situated,<br>Plaintiff(s)<br><br>-v.-<br><br>HL Collections Inc. d/b/a HL Collect,<br>and John Does 1-25.<br><br>Defendant(s). | Case No: 3:21cv00112 |

**CLASS ACTION COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

Plaintiff Jessica Cooper ("Plaintiff"), brings this Class Action Complaint by and through her attorneys, Meridian Law, LLC, against Defendant HL Collections Inc. d/b/a HL Collect ("HLC"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.  The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). The Act was promulgated because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to material

1

instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of consumers under Section 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

**PARTIES**

7. Plaintiff is a resident of the State of Virginia, county of Richmond City, residing at 1342 Blackrock Dr, Richmond, VA 23225.

8. Defendant HLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service c/o 9435 Waterstone Blvd., Ste. 140, Deerfield Township OH 45249.

9. Upon information and belief, Defendant HLC is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due to itself or another.

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

**CLASS ALLEGATIONS**

11. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of all individuals:

   a. with addresses in the State of Virginia;

   b. to whom Defendant HLC sent a letter;

   c. attempting to collect a consumer debt;

   d. in two sub-classes where the letter states:

        i. that if the debt is not paid within thirty days, HLC has been instructed to move forward with collection, while simultaneously giving a settlement offer that expires beyond thirty days from the date of the letter;

        ii. that HLC will collect "via any other collection methods";

    e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf it attempts to collect and/or has purchased debts.

14. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692d, 1692e and 1692f.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692d, 1692e and 1692f.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

   e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all

members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats the above allegations as if set forth here.

21. Some time prior to July 31, 2020, Plaintiff allegedly incurred an obligation to non-party Aden Park Glenway Green Apartments ("Aden Park").

22. This alleged debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a (5), specifically for rental of a personal residence apartment.

23. Aden Park is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

24. Upon information and belief, HLC was retained to collect the alleged debt.

25. Defendant HLC collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of itself or other creditors using the United States Postal Services, telephone and internet.

### *Violation - July 31, 2020 Collection Letter*

26. On or about July 31, 2020, Defendant HLC sent Plaintiff a collection letter, a copy of which is attached as Exhibit A.

27. Plaintiff disputes the amount alleged as owed.

28. The letter states that HLC is offering a 50% payment reduction settlement offer that will expire on September 30, 2020.

29. It further provides, "if you do not pay this debt within 30 days of the date of this letter, we are instructed by our client to move forward to collect the balance due…"

30. The letter then threatens that HLC will attempt to collect the balance due "via any other collection methods", including but limited to reporting the debt to the credit bureaus.

31. The letter then states "Please be aware that the amount listed in this letter may not be the final amount due. Because of interest and other charges permitted by law or the rental agreement, this amount may vary from day to day."

32. It is not clear if Defendant's 50% of the balance offer is 50% of the listed balance or 50% of the rising, unknown amount, balance.

33. Plaintiff was confused as to when payment was due, how much was due, how much was being offered in settlement, and was unable to properly weigh her choices and determine her next course of action.

34. Plaintiff was also fearful of the unspoken "other collection methods" and what that term means.

35. Other collection methods could include illegal collection practices including use of physical force.

36. Plaintiff was therefore unable to properly evaluate the demand for payment or how to address it.

37. Defendant's actions caused Plaintiff to suspect there was fraud or illegality involved with this collection.

38. Because of Defendant's improper acts, Plaintiff expended time, money, and effort in determining the proper course of action.

39. In addition, Plaintiff suffered emotional harm due to Defendant's improper acts.

40. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

41. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

42. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

43. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

44. Plaintiff was confused and misled to her detriment by the statements in the dunning letter, and relied on the contents of the letter to her detriment.

45. Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

46. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692d *et seq.*

47. Plaintiff repeats the above allegations as if set forth here.

48. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

49. Pursuant to 15 U.S.C. §1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

50. Defendant violated said section, inter alia, by:

   a. harassing, oppressing and/or abusing Plaintiff in connection with the collection of a debt; and

   b. threatening the use of violence or other criminal means to harm the physical person, reputation, or property Plaintiff in violation of Section 1692d (1).

51. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692d et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

52. Plaintiff repeats the above allegations as if set forth here.

53. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

54. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

55. Defendant violated said section, inter alia, by:

   a. In violation of § 1692e (4) representing or implying that nonpayment of the debt will result in the arrest or imprisonment of Plaintiff or the seizure, garnishment, attachment, or sale of any property or wages of Plaintiff;

      i. And Defendant could not lawfully take such action and/or did not intend to do so;

   b. threatening to take any action that cannot legally be taken or that was not intended to be taken, in violation of § 1692e (5);

   c. falsely representing the character, amount or legal status of the debt in violation of §1692e (2);

   d. Using a false representation or deceptive means to collect or attempt to collect a debt in violation of § 1692e (10).

56. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

<u>**COUNT III**</u>
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f** *et seq.*

57. Plaintiff repeats the above allegations as if set forth here.

58. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

59. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

60. Defendant violated this section by:

    a. Unfairly threatening to take any nonjudicial action to effect dispossession or disablement of Plaintiff's property without the legal right to do so;

        i. Unfairly representing or implying that nonpayment of the debt will result in the arrest or imprisonment of Plaintiff or the seizure, garnishment, attachment, or sale of any property or wages of Plaintiff although Defendant could not lawfully take such action and/or did not intend to do so;

    e. Unfairly threatening to take any action that cannot legally be taken or that was not intended to be taken;

    f. Unfairly falsely representing the character, amount or legal status of the debt;

    g. Unfairly using a false representation or deceptive means to collect or attempt to collect a debt.

61. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

62. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jessica Cooper, individually and on behalf of all others similarly situated, demands judgment from Defendant HL Collect, as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Aryeh Stein, Esq., as Class Counsel;

  b)  Awarding Plaintiff and the Class statutory damages;

  c)  Awarding Plaintiff and the Class actual damages;

  d)  Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

  e)  Awarding pre-judgment interest and post-judgment interest; and

  f)  Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: February 23, 2021        Respectfully submitted,

                  **Meridian Law, LLC**

                  /s/ Aryeh E. Stein
                  By:  Aryeh E. Stein, VSB No. 45895
                  600 Reisterstown Road, Suite 700
                  Baltimore, MD 21208
                  Phone: 443-326-6011
                  Fax: 410-653-9061
                  astein@meridianlawfirm.com
                  *Counsel for Plaintiff*